## UNITED STATES  DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ZENANA A. COOMBS<br>335 Quackenbos Street, N.E.<br>Washington, D.C. 20011<br><br>Plaintiff, | )<br>)<br>)<br>)<br>)<br>) | |
| GALE A. NORTON,<br>SECRETARY,<br>U.S. Department of the Interior<br>1849 C Street, N.W.<br>Washington, D.C. 20240 | )<br>)<br>)<br>)<br>) | Civil Action No. |
| Defendant. | )<br>)<br>) | JURY DEMANDED |
| **Also Serve:**<br>Attorney General Alberto Gonzales<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530 | )<br>)<br>)<br>)<br>)<br>) | |
| United States Attorney's Office<br>for the District of Columbia<br>ATTN: Civil Process Clerk<br>555 4th Street, N.W.<br>Washington, D.C. 20530 | )<br>)<br>)<br>)<br>)<br>) | |

## COMPLAINT

**(Religious Discrimination and Retaliation in Violation of Title VII of the Civil Rights Act
of 1964, as amended, and the Religious Freedom Restoration Act of 1993)**

COMES NOW the Plaintiff, Zenana A. Coombs, by and through her attorneys, Webster,

Fredrickson & Brackshaw, and for her Complaint in the above-captioned action states to this Honorable

Court as follows:

## PARTIES

1.     Plaintiff Zenana A. Coombs is an adult citizen of the United States and a practicing Seventh

Day Adventist. At all times relevant hereto, Plaintiff Coombs was an employee of the National Park Service in the United States Department of the Interior.

2.      Defendant Gale A. Norton is the Secretary of the United States Department of the Interior, and she is sued in her official capacity.

## JURISDICTION

3.      Jurisdiction of this Honorable Court is invoked pursuant to 42 U.S.C. § 2000e-5(f) and 42 U.S.C. § 2000bb-1(c).

4.      Venue is proper as most of the acts complained of herein occurred in the District of Columbia.

5.      On December 21, 2003, within thirty (30) days of the actions complained of herein, Plaintiff Coombs filed an appeal with the Merit Systems Protection Board ("MSPB") from the agency decision to terminate her excepted service appointment to the position of Photographic/Media Assistant in the National Capital Region of the National Park Service, alleging discrimination on the basis of religion.

6.      The MSPB subsequently issued an interim order dismissing Plaintiff Coombs' appeal for lack of jurisdiction, which became final on March 26, 2004.

7.      On March 17, 2004, Plaintiff contacted a Department of the Interior Equal Employment Opportunity ("EEO") Counselor and initiated informal counseling. Upon completion of informal counseling, and within fifteen (15) days of Plaintiff's final interview and receipt of notification from her EEO counselor of her right to file a formal complaint, Plaintiff Coombs filed a formal Complaint of Discrimination on May 14, 2004.

8.      With a letter dated April 28, 2005, the Office of Civil Rights of the Department of the

2

Interior served upon Plaintiff Coombs by mail a Department of the Interior Final Decision, which informed Plaintiff of her right to file a civil action against the Secretary of the Department of the Interior within 90 days of the date she received the decision.

9.      Plaintiff filed the instant action within ninety (90) days of service of the Department of the Interior Final Decision and notice of right to file a civil action.

10.      Plaintiff exhausted her administrative remedies.

### FACTS GIVING RISE TO RELIEF

11.      Plaintiff Zenana A. Coombs is a member of the Seventh Day Adventist church. As a practicing Seventh Day Adventist, Plaintiff follows the dictates of the church, including that she observe the Sabbath Day during which members of the church refrain from working. By the dictates of church doctrine, the Sabbath Day begins at sunset on Friday and ends at sunset on Saturday.

12.      On or about July 5, 1998, Plaintiff was hired by Defendant as an Office Automation Clerk in the Human Resources office of the National Capitol Region ("NCR") of the National Park Services as part of the Student Educational Employment Program–Student Temporary Employment Program ("STEP").

13.      Plaintiff subsequently transferred from the STEP program to the Student Career Experience Program on or about June 16, 2003 and began working as a Student Trainee Photographic/Media Assistant in the NCR Office of Communications.

14.      At all times relevant hereto, Plaintiff Coombs worked as Student Trainee Photographic/Media Assistant in the NCR Office of Communications at Defendant's Washington, D.C. office at 1100 Ohio Drive, S.W., Washington, D.C. 20242.

3

15.     At all times relevant hereto, Plaintiff effectively carried out the duties of her position.

16.     In August 2003, Priscilla Jones, secretary to Deputy Regional Director Gentry Davis, requested that Plaintiff videotape the annual Black Family Reunion in Washington, D.C., which was to be held on Saturday, September 5, 2003 and Sunday, September 6, 2003.

17.     Plaintiff explained to Jones that she could not videotape the event on Saturday because of her religious beliefs but told Jones she would be able to videotape the event on Sunday. Jones responded that "it wasn't a problem" and told Plaintiff she would find someone else to videotape the event on Saturday.  Plaintiff videotaped the event on Sunday, September 6, 2003.

18.     About a week after Plaintiff's conversation with Jones, William Line, Communications Officer and Plaintiff's immediate supervisor, questioned Plaintiff regarding her ability to work on Saturdays. When Plaintiff explained to Line that she could not work on Saturdays because of her religious beliefs as a Seventh Day Adventist, Line responded that "Jews observe also Saturday as their day of rest, but some Jews do work on Saturday."  Plaintiff responded that she could not compromise her religious beliefs. Plaintiff asked Line to inform her if her inability to work on Saturdays would be  a problem.  Line responded, "OK."

19.     On October 31, 2003, Plaintiff met with Line to discuss her job performance.  Line also presented Plaintiff with her "Employee Performance Plan and Results Report," which indicated that Plaintiff Coombs had achieved each and every one of the "Critical Results" of her Performance Plan.

20.     In addition to her performance evaluation, Line presented to Plaintiff a document entitled "Office/Work Policies and Procedures and Outline of Expected Duties and Deadlines," and asked Plaintiff to sign the document after reading it.  While Plaintiff agreed with virtually all of the document, she could not

4

agree with the following provision: "It is understood that this work will involve occasional weekend work, which is considered part of the job."

21.    Plaintiff reiterated to Line that she could not work on Saturdays due to her religious beliefs, whereupon Line again responded that he knew Jews who worked on Saturdays. Line also responded, "Take it home and see what you can do with the language and we will meet again with Kim Elder," Special Emphasis Recruitment Officer for the National Capital Region.

22.    Plaintiff subsequently changed the wording of the provision to the following: "It is understood that this work will involve occasional weekend work, excluding Friday nights and Saturdays . . . ."

23.    On November 13, 2003, Plaintiff submitted her changes to the wording of the document to Line during a meeting with Line, Elder, and Antoinette Carroll, former Public Information Specialist. Upon receiving Plaintiff's revisions to the document, Line immediately accused Plaintiff of having taken too much leave. Prior to this meeting, Plaintiff had never been told that she had taken any excessive amount of leave. Plaintiff became upset and stated, "Saturday is my Sabbath and I cannot work on Saturday."

24.    Line, Carroll, and Elder pressured Plaintiff to sign the document and agree to working on Saturdays. When Plaintiff again protested that her religious beliefs forbade her from working Saturdays, Elder responded, "We do not allow our employees to dictate" our procedures. Elder added that another employee, a Jehovah's Witness, had been willing to compromise his religious beliefs to work on Sundays because "he realized that he needed to feed his wife and kids." Elder asked Plaintiff "don't you think God would understand that you have to survive?"

25.    Carroll asked Plaintiff "are you willing to give up your career for one day?" Plaintiff

5

responded "yes." Plaintiff continued to refuse to sign the document.

26.     Carroll informed Plaintiff, "Even if you sign this, you might not even have to work on Saturdays anyway." Line also stated that Ms. Coombs might not ever have to work on Saturdays, even if she agreed to sign.

27.     Line, Carroll, and Elder concluded the meeting by informing her that they would give her until the next day to make a decision, and that if she did not sign the document, she would be terminated.

28.     On November 14, 2003, Plaintiff informed Line that she could not sign the document with the agreement to work on Saturdays. Line responded, "you know what this means," implying that she would be terminated. Line also stated that he would give her until the following week to change her mind and that otherwise she would be terminated.

29.     The following week, Plaintiff Coombs was terminated from her position, effective with the close of business on November 21, 2003.

### COUNT I
### (Religious Discrimination in Violation of
### Title VII of the Civil Rights Act of 1964, as amended)

30.     Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-29 of this Complaint with the same force and vigor as if set out here in full.

31.     Plaintiff was terminated by the Defendant because of her religion in violation of 42 U.S.C. § 2000e-2(a).

32.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff Coombs suffered and continues to suffer lost earnings and benefits, pain, suffering, humiliation, and mental distress.

6

## COUNT II
### (Retaliation in Violation of Title VII
### of the Civil Rights Act of 1964, as amended)

33.     Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-32 of this Complaint with the same force and vigor as if set out here in full.

34.     Plaintiff engaged in protected activity when she asserted her right to be free from religious discrimination.

35.     Defendant's discriminatory employment acts and discharge of Plaintiff constitute unlawful retaliation in violation of 42 U.S.C. § 2000e-3(a).

36.     As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff Coombs suffered and continues to suffer lost earnings and benefits, pain, suffering, humiliation, and mental distress.

## COUNT III
### (Failure to Accommodate Plaintiff's
### Religious Beliefs in Violation of Title VII
### of the Civil Rights Act of 1964, as amended)

37.     Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-36 of this Complaint with the same force and vigor as if set out here in full.

38.     Plaintiff Coombs informed Defendant of her inability to work on Saturdays due to her religion.

39.     Defendant failed to reasonably accommodate her religious beliefs and discharged her in violation of Title VII of the Civil Rights Act of 1964.

40.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff Coombs suffered and continues to suffer lost earnings and benefits, pain, suffering, humiliation, and  mental distress.

7

## COUNT IV
### (Substantial Burden on Plaintiff's
### Exercise of Religion in Violation of the
### Religious Freedom Restoration Act of 1993)

41.    Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-40 of this Complaint with the same force and vigor as if set out here in full.

42.    Defendant substantially burdened Plaintiff Coombs' free exercise of religion in conditioning her employment on the ability to work on Saturdays in violation of 42 U.S.C. § 2000bb-1(a).

43.    Defendant substantially burdened Plaintiff Coombs' free exercise of religion in failing to accommodate Plaintiff's religious belief in violation of 42 U.S.C. § 2000bb-1(a).

44.    As a direct and proximate result of the substantial burden Defendant placed on Plaintiff Coomb's exercise of religion, Plaintiff suffered and continues to suffer lost earnings and benefits, pain, suffering, humiliation, and mental distress.

*                    *                    *

WHEREFORE, the premises considered, Plaintiff Coombs respectfully prays that this Honorable Court:

1.    Enter judgment on her behalf against Defendant;

2.    Reinstate Plaintiff Coombs to the Photographic/Media Assistant position or an equivalent position;

3.    Award Plaintiff Coombs lost past and future earnings, benefits, compensatory damages, and other damages;

4.    Award Plaintiff Coombs her court costs, expenses, attorneys' fees, prejudgment interest

8

and post-judgment interest;

5.    Declare that Defendant's conduct is in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*;

6.    Declare that Defendant's conduct is in violation of the Religious Freedom Restoration Act of 1993, 42 U.S.C. § 2000bb-1; and

7.    Grant such other relief as this Court deems just and proper.

Respectfully submitted,

Zenana A. Coombs

WEBSTER, FREDRICKSON & BRACKSHAW

Jonathan C. Puth, #439241
1775 K Street, N.W.
Suite 600
Washington, D.C.  20006
(202) 659-8510

Attorneys for Plaintiff

9

## VERIFICATION

    I, Zenana A. Coombs, being duly sworn on oath, do hereby state that I have read the foregoing Complaint and that it is true to the best of my knowledge, information, and belief.


                                                      Zenana A. Coombs


Subscribed and sworn to before me
this ____ day of July, 2005.


Notary Public


My Commission Expires:

GAIL M. SPENCE
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires May 14, 2010

10

## JURY DEMAND

Plaintiff demands a trial by jury on all issues contained herein.

Jonathan C. Puth, #439241
1775 K Street, N.W.
Suite 600
Washington, D.C. 20006
(202) 659-8510

Attorney for Plaintiff

11