UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZENANA A. COOMBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1410 (GK) |
| ) | |
| GALE A. NORTON, ) | |
| SECRETARY, ) | |
| U.S. DEPARTMENT OF THE INTERIOR, ) | Next Event: Initial Conference Oct. 25, 2005 |
| ) | |
| Defendant. ) | |

**JOINT MEET AND CONFER STATEMENT**

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3(c), Plaintiff Zenana A. Coombs and Defendant Gale A. Norton, in her official capacity as Secretary of the U.S. Department of the Interior, by and through their undersigned counsel, hereby jointly issue this statement on their conference regarding discovery in this matter. The parties' proposed Scheduling Order is also submitted herewith. This statement addresses matters covered by FED R.CIV.P. 26(f) and this Court's LCvR 16.3(c).

Counsel for the parties have conferred by telephone to discuss the matters set forth in LCvR 16.3(c) as well as scheduling. This statement reflects the agreement of Plaintiff's and Defendant's counsel on behalf of their clients.

In order to assist the Court in setting a schedule for this case, this report addresses the provisions of LCvR 16.3(c) as follows:

1. Defendant anticipates filing a motion for summary judgment. Plaintiff may file a motion for partial summary judgment as to one or more issues in the case.

2. The parties do not anticipate that any other parties will be joined or that the pleadings will be amended.

3. The parties agree that this matter should not be assigned to a magistrate judge for all purposes, including trial.

4. The parties are prepared to discuss settlement but cannot assess now whether there is a reasonable possibility of settling the case.

5. Both parties are amenable to early ADR and will be prepared to discuss ADR with the Court at the scheduling conference.

6. The parties have agreed to a briefing schedule consistent with Track Two of this Court's case tracking schedule, with discovery scheduled to end 120 days after the scheduling conference or the termination of any scheduled ADR. Plaintiff proposes that an opposition to any dispositive motion be due forty-five (45) days after the service of any such motion, while Defendant proposes thirty (30) days for the filing of any opposition. Both parties agree that replies will be due fifteen (15) days after the service of any opposition.

7. The parties are not dispensing with initial disclosures pursuant to Rule 26(a)(1). The parties seek leave to exchange initial disclosures by November 21, 2005.

8. The parties will endeavor to negotiate an acceptable protective order as to any confidential information, as may be necessary, for submission to the Court for approval.

9. The parties do not seek to modify the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2). The parties agree that any deposition of any designated expert witness shall be taken by the close of discovery pursuant to this Court's Track Two case tracking schedule.

10. This matter is not a class action subject to Federal Rule of Civil Procedure 23.

11. The parties do not believe that bifurcated discovery or a bifurcated trial is appropriate.

12. The parties agree that any pretrial conference will be scheduled pursuant to this Court's Track Two case tracking schedule.

13. The Defendant submits that a trial date should be scheduled at the pretrial conference. The Plaintiff submits that a firm trial date should be set at the initial scheduling conference.

14. No additional matters need to be addressed in the scheduling order at this time.

## STATEMENT OF FACTS AND STATUTORY BASIS
## FOR CAUSES OF ACTION AND DEFENSES

Plaintiff Zenana A. Coombs, a practicing member of the Seventh-day Adventist Church, worked as a Photographic/Media Assistant in the National Capitol Region Office of Communications of the National Park Service, U.S. Department of the Interior. In her Complaint, Plaintiff alleges that she was abruptly terminated soon after she refused to sign a paper indicating that she could work occasional Saturdays, on grounds that the dictates of her church required that she observe Saturday as the Sabbath Day and refrain from working.

Plaintiff Coombs exhausted her administrative remedies and timely filed this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, alleging failure to accommodate her religious beliefs, termination from her employment on account of her religion, and retaliation. Plaintiff also alleges that Defendant substantially burdened her free exercise of religion in violation of the Religious Freedom Restoration Act of 1993, 42 U.S.C. §§ 2000bb *et seq.*

Defendant denies the claims asserted in Plaintiff's Complaint and asserts, as a defense, that no right to trial by jury exists for claims asserted under the Religious Freedom Restoration Act.

Respectfully submitted,

| | |
|---|---|
| _/s/_<br>Jonathan C. Puth, #439241<br>WEBSTER, FREDRICKSON &<br>BRACKSHAW<br>1775 K Street, N.W.<br>Suite 600<br>Washington, D.C. 20006<br>(202) 659-8510 | _/s/_<br>KENNETH L. WAINSTEIN, # 451058<br>United States Attorney<br><br>_/s/_<br>R. CRAIG LAWRENCE, # 171538<br>Assistant United States Attorney<br><br>_/s/_<br>BENTON G. PETERSON, WI Bar # 1029849<br>Assistant United States Attorney<br>555 4th Street, N.W.<br>B Civil Division<br>Washington, D.C. 20530<br>(202) 514-7238 |