UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZENANA A. COOMBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1410 (GK) |
| ) | Judge Gladys Kessler |
| GALE A. NORTON, ) | |
| SECRETARY, ) | |
| U.S. DEPARTMENT OF THE INTERIOR, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**STIPULATION OF SETTLEMENT AND DISMISSAL**

It is hereby agreed between the parties to this action, Plaintiff Zenna Coombs, and Defendant Gale Norton, in her official capacity as Secretary of the U.S. Department of the Interior ("DOI"), through their respective undersigned counsel, as follows:

1. The parties hereby stipulate and agree to settle and compromise the above-entitled action under the terms and conditions set forth herein.

2. Defendant agrees to pay to Plaintiff the amount of $150,000. The parties agree that this sum includes the appropriate back wages in the amount of $39,837 less applicable pay roll deductions. The remaining $110,163 shall constitute payment for compensatory damages, attorneys' fees, and costs, for which Plaintiff shall be solely responsible for payment of any applicable taxes. Payment of aforementioned amounts will be made by electronic funds transfer, and counsel for Plaintiff will provide the necessary information to counsel for Defendant to effectuate the transfer. Counsel for Defendant agrees that, upon notification of the Court's approval of this Stipulation and receipt of necessary information from Plaintiff's counsel, they

will promptly complete and transmit to the Treasury of the United States the documentation necessary to effectuate the aforementioned payments.

3. Defendant will amend its personnel records to reflect that the plaintiff resigned from her Photographic Media Assistant position with the National Parks Service, DOI, effective November 21, 2003. Defendant will also amend the SF-50 regarding Plaintiff's separation from federal service to reflect that Plaintiff resigned for personal reasons. In connection with Plaintiff's separation from DOI, Defendant will ensure that all records, including any and all SF-50's, shall reflect that Plaintiff separation was due only to her resignation for personal reasons. Defendant's records shall not reflect in any manner that Plaintiff's resignation was in lieu of her termination or pending termination. Defendant shall not use any language or coding on the SF-50 that reflects that Plaintiff's separation was for any reason other than her purely voluntary resignation.

4. Defendant shall have executed, on appropriate letterhead, the attached reference letter from Mr. William J. Line, attached hereto as Exhibit A, which Plaintiff may use for job reference purposes.

5. The sum indicated in paragraph 2 above and the actions in paragraph 3 that Defendant agrees to undertake shall be in full and complete satisfaction of all claims arising from the allegations set forth in the complaint in this action and the allegations Plaintiff made or could have made in any and all administrative fora regarding her work at DOI, including any and all claims of discrimination and/or retaliation by Defendant during the course of Plaintiff's employment with DOI, any and all claims for back pay, front pay, compensatory and other damage, and interest and attorneys' fees and costs, whether in connection with the administrative

process, the District Court litigation process or any other proceedings involving the claims raised in this action that have been or could have been made in connection with Plaintiffs' employment with DOI though the date of execution of this stipulation.

6. By signing this Stipulation of Settlement and Dismissal, Plaintiff waives, releases, and forever abandons any and all claims against the United States, DOI, their officers, agents, servants or employees, whether past or present, alleged or which could have been alleged, by Plaintiff as a result of her employment with DOI through the date of execution of this Stipulation of Settlement and Dismissal.

8. This Stipulation of Settlement and Dismissal does not constitute an admission of liability or fault on the part of the United States, DOI, their officers, agents, servants or employees, and is entered into for the sole purpose compromising disputed claims and avoiding the expenses and risks of further litigation. The parties agree that this Stipulation of Settlement and Dismissal shall not be used as evidence or otherwise in any pending or future civil or administrative action against the United States. The parties further agree that this Stipulation of Settlement and Dismissal may be used as evidence or otherwise in any potential action in which it has been alleged that this Stipulation of Settlement and Dismissal has been breached, or in any proceeding involving Plaintiff's liability for income tax.

8. The parties acknowledge that they fully understand and voluntarily agree to the terms of this Stipulation of Settlement and Dismissal.

9. This Stipulation of Settlement and Dismissal shall be binding upon and accrue to the benefit of the parties hereto and their respective successors and assigns.

10. The execution of this stipulation by counsel for both parties shall constitute a dismissal of this action with prejudice, pursuant to Rule 41(a)(1)(ii), except that the Court shall have jurisdiction to reinstate this action on motion of any party to resolve a claim of noncompliance with the terms of this Stipulation of Settlement and Dismissal.

11. This agreement contains the entire agreement between the parties.

Respectfully Submitted,

_____
JONATHAN C. PUTH, D.C. BAR #439241
Webster, Fredrickson & Brackshaw
1775 K Street, NW, Suite 600
Washington, DC 20006
(202) 659-8510

Counsel for Plaintiff

_____
ZENANNA COOMBS
Plaintiff

_____
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____
BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530
(202) 514-7238 514-8780 (Facsimile)
Benton.Peterson@usdoj.gov

Counsel for Defendant

SO ORDERED:

June 27, 2006                    _____
Date                             GLADYS KESSLER
                                 United States District Judge

- 4 -

To Whom it May Concern:

    I write to provide a reference for Zenana Coombs, former Photographic/Media Assistant in the Regional Communications Office, National Capital Region ("NCR"), of the National Park Service. Ms. Coombs worked with our office during the summer of 2002 and again from June until November 2003. When not with the Communications Office, Zenana had worked in the Office of the Director, Human Resources Management, at NCR since July 1998.

    Our pubic information program was designed to represent all NCR activities and to improve internal and external communications throughout the region. As Photographic/Media Assistant, Zenana's work supported the activities of the Regional Communications Office.

    Zenana's major duties included providing assistance to the Communications Officer and Regional Photographer, building and maintaining our digital image library, preparing videotaped stories, segments, and presentations, and conducting or directing on-site shoots, among other duties. Altogether, the job involved performance of multiple tasks throughout the office to contribute to the overall operations of the Communications Office. Zenana achieved her performance benchmarks in every rating category. We wish her all the best in her future endeavors.

                                   Sincerely,

                                   Bill Line
                                   Communications Officer